UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATHEW WHITE, individually,<br><br>Plaintiff,<br><br>v.<br><br>WALMART STORES, Inc. d/b/a WALMART #2838; WALMART INC. d/b/a WALMART # 2838 f/k/a WAL-MART STORES EAST, LP d/b/a WALMART # 2838; WSE MANAGEMENT, LLC; WAL-MART REAL ESTATE BUSINESS TRUST; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:18-cv-02219-MMD-PAL<br><br>ORDER |

The Court ordered Defendants (collectively, "Walmart") to show cause why this removed action should not be remanded for lack of subject matter jurisdiction. (ECF No. 7.) The action was removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a).[1] (ECF No. 1.) However, upon examination of Walmart's petition for removal and its accompanying exhibits (*id.*; ECF Nos. 1-1, 1-2, 1-3), the Court questioned whether the amount in controversy requirement is met. The Court afforded Walmart until December 12, 2018, to show cause, in writing why this action should not be remanded for lack of

///

///

---

[1] *See* 28 U.S.C. § 1332(a) (requiring that a party asserting subject matter jurisdiction pursuant to diversity of citizenship show: (1) complete diversity of citizenship among opposing parties; and (2) an amount in controversy exceeding $75,000).

jurisdiction. (ECF No. 7.) Walmart has not done so. Consequently, the Court will remand this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L. A.*, 782 F.2d 829, 831 (9th Cir. 1986). The Court applies the same factors used to decide dismissal in determining whether to remand. Those factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic [alternatives]." *Id.* (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423, 1424 (9th Cir. 1986)) (citations omitted).

Here, the Court finds that the first two factors weigh in favor of remand. The third factor, risk of prejudice to Plaintiff, also weighs in favor of remand because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading the Court ordered. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of remand discussed herein. The Court cannot decide the merits of a case over which it cannot properly exercise jurisdiction. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal quotations and citation omitted) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case."). Finally, a court's warning to a party that its failure to obey the court's order will result in remand satisfies the consideration of alternatives requirement. *Henderson*, 779 F.2d at 1424. Here, the Court's order to show cause stated:

> It is therefore ordered that, within fifteen (15) days from the entry of this Order, Walmart must show cause in writing why this case should not be remanded for lack of subject matter jurisdiction.

(ECF No. 7.) Therefore, Walmart had adequate warning that remand would result from its noncompliance with the Court's order to show cause within the prescribed timeframe.

It is therefore ordered that this case is remanded for lack of jurisdiction. Walmart has not established that the amount in controversy requirement is met.

The Clerk is directed to close this case.

DATED THIS 17th day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE